UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL WILLE<br>1500 Massachusetts Avenue NW<br>Apt. 608<br>Washington, DC  20005 | ) ) ) ) ) | Civil Case No.: |
| Plaintiff, | ) ) | _____ |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES; SYLVIA BURWELL, in her official<br>capacity as United States Secretary of Health and Human<br>Services; | ) ) ) ) | |
| 200 Independence Avenue SW<br>Washington, DC  20201 | ) ) ) ) | |
| UNITED STATES DEPARTMENT OF THE<br>TREASURY; and JACOB J. LEW, in his official capacity<br>as United States Secretary of the Treasury; | ) ) ) ) | |
| 1500 Pennsylvania Avenue NW<br>Washington, DC  20220 | ) ) ) | |
| Defendants. | ) ) ) | |

**COMPLAINT**

## INTRODUCTION

1.      Plaintiff Michael Wille, a citizen of the United States, challenges the constitutionality of the federal Patient Protection and Affordable Care Act (the Act) as amended, both on its face and as applied to him.  *See* 26 U.S.C. § 5000A (2010); Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010); Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1032 (2010) (Reconciliation Act); TRICARE Affirmation Act, Pub. L. No. 111-159, 124 Stat. 1123 (2010); Pub. L. No. 111-173, 124 Stat. 1215 (2010).  The Act requires that all nonexempt citizens and legal residents in the United States either obtain health insurance coverage for themselves and their dependents, or make a "shared responsibility payment" into the United States Treasury along with their annual tax returns.  Plaintiff asserts that the purchase requirement violates the United States Constitution, because it exceeds Congress's authority under the Commerce Clause.  Plaintiff also asserts that the payment is a tax that violates the Constitution's Origination Clause, which requires all revenue-raising bills to originate in the House of Representatives.

2.      Plaintiff seeks (1) a declaration that the purchase requirement, the associated payment, and the Act in toto, are unconstitutional, invalid, and unenforceable; (2) a permanent prohibitory injunction enjoining their enforcement; and (3) reasonable costs and attorneys fees.

## JURISDICTION AND VENUE

3.      This case presents federal questions arising under the United States Constitution that are appropriate for review in federal court under 28 U.S.C. § 1331 (federal question jurisdiction). Plaintiff seeks declaratory judgment, and further necessary or proper relief based on declaratory judgment, including injunctive relief, under 28 U.S.C. §§ 2201 and 2202.

4.      Venue is appropriate in this District under 28 U.S.C. § 1391(e) on the grounds that a substantial part of the events or omissions giving rise to the claim occurred in this District, and on the grounds that the named Federal Defendants are located in this District.

## PARTIES

5.      Plaintiff Michael Wille is an American citizen and a permanent resident of Washington, D.C.  He is the manager of a delicatessen.  He is financially stable, has an annual income that requires him to file federal tax returns, and could afford health insurance if he wanted to obtain such coverage.  Plaintiff does not have, need, or want health insurance, and has been without such insurance coverage since before the Act was enacted in 2010.  He is able to and does pay for any and all of his medical expenses out of pocket.  He is not a Native American, and has no religious objection to the federal requirement to purchase health insurance.  He is subject to the Act's provisions requiring either the purchase of federally prescribed health insurance or the payment of a tax.

6.      Defendant United States Department of Health and Human Services is an agency of the United States possessing by delegation certain responsibilities for administering, implementing, and enforcing the Act.  The Department of Health and Human Services is subject to suit under 28 U.S.C. § 1331, which provides this Court with jurisdiction to hear any civil action arising under the Constitution, laws, and treaties of the United States.

7.      Defendant the Hon. Sylvia Burwell is the United States Secretary of Health and Human Services.  As Secretary she is charged with administering, implementing, and enforcing the Act, including (1) determining the percentage by which an applicable individual's required contribution must exceed the individual's household income to be eligible for a penalty exemption under 26 U.S.C. § 5000A(e)(1)(A); (2) determining who qualifies as having suffered a hardship with

respect to their capability to obtain coverage under a qualified health plan, 26 U.S.C. § 5000A(e)(5); and (3) determining what health benefits coverage qualifies as "minimum essential coverage." 26 U.S.C. § 5000A(f)(1)(E).  In all of her actions and omissions alleged herein, Secretary Burwell is acting under color of law and is being sued in her official capacity.  Secretary Sebelius is subject to suit under 28 U.S.C. § 1331, which provides this Court with jurisdiction to hear any civil action arising under the Constitution, laws, and treaties of the United States.

8.      Defendant United States Department of the Treasury is an agency of the United States possessing by delegation certain responsibilities for administering, implementing, and enforcing the Act.  The Department of Treasury is subject to suit under 28 U.S.C. § 1331, which provides this Court with jurisdiction to hear any civil action arising under the Constitution, laws, and treaties of the United States.

9.      Defendant the Hon. Jacob Lew is the United States Secretary of the Treasury.  As Secretary he is charged with enforcing the Act, including (1) prescribing rules for the collection of the "shared responsibility payment" in cases where continuous periods of noncoverage, of three months or more, include months in more than one taxable year, 26 U.S.C. § 5000A(e)(4)(B); (2) coordinating with the Secretary of Health and Human Services to determine what health benefits coverage qualifies as "minimum essential coverage," 26 U.S.C. § 5000A(f)(1)(E); and (3) assessing and collecting the payment for noncompliance with the purchase requirement, subject to the limitations of 26 U.S.C. § 5000A(g)(2)(B).  In all of his actions and omissions alleged herein, Secretary Lew is acting under color of law and is being sued in his official capacity.  Secretary Lew is subject to suit under 28 U.S.C. § 1331, which provides this Court with jurisdiction to hear any civil action arising under the Constitution, laws, and treaties of the United States.

## ALLEGATIONS RELATING TO THE ACT'S
## REQUIREMENT TO OBTAIN HEALTH INSURANCE

10.     The Act, as amended, requires every nonexempt "applicable individual" to have "minimum essential" health insurance coverage as defined in the Act.  26 U.S.C. § 5000A(a). Specifically, any "applicable individual" must ensure that he or she, along with any dependent of that individual who is also an applicable individual, maintains "minimum essential coverage" for each month of the year.  *Id.*

11.     Defendants are charged with administering, implementing, and enforcing the Act by, *inter alia*, determining what health benefits coverage qualifies as "minimum essential coverage," and assessing the "shared responsibility payment" provision against applicable individuals who fail to maintain "minimum essential coverage."  26 U.S.C. § 5000A(f)(1)(E); 26 U.S.C. § 5000A(g)(1).

12.     An "applicable individual" is defined as any individual, except those who reside abroad, are incarcerated, or who qualify for a religious conscience exemption.  26 U.S.C. § 5000A(d).

13.     "Minimum essential coverage" is defined to include the following public and private health insurance options:  Medicare, Medicaid, CHIP, TRICARE for Life, veteran's health care program, Peace Corps program, the Nonappropriated Fund Health Benefits Program of the Department of Defense, eligible employer-sponsored plans, coverage offered in the individual market within a state, grand-fathered health plans, and other health benefits coverage that the Secretary of Health and Human Services and the Secretary of the Treasury designate as a qualifying plan. 26 U.S.C. § 5000A(f)(1)(A)-(E) (as added by the Act § 1501(b) and amended by TRICARE Affirmation Act § 2 and Pub. L. No. 111-173, 124 Stat. 1215 (2010)); 75 Fed. Reg. 34,538 (June 17, 2010)).  Applicable individuals may not self-insure under the Act.

14.     Applicable individuals who fail to maintain "minimum essential coverage" are exempt from the penalty if they are suffering financial hardship, are American Indians, have been without coverage for less than three months, are individuals for whom the lowest available insurance option exceeds 8% of household income, or are individuals whose incomes are below the tax filing threshold.   26 U.S.C. § 5000A(e) (as added by the Act § 1501(b), and amended by the Act § 10106(d) and Reconciliation Act § 1002(b)).

15.     Plaintiff is an applicable individual, and he cannot claim any of the exemptions.  He is not covered, nor does he wish to be covered, under any health insurance plan meeting the definition of "minimum essential coverage."  The Act obligates Plaintiff to purchase, at his own expense and against his will, federally approved health insurance, or pay the "shared responsibility payment."

16.     Plaintiff is informed and believes, and on that basis alleges, that as of January 1, 2014, Plaintiff is required to make the payment for each month he remains without "minimum essential" health insurance coverage as required by the Act, because he is a nonexempt applicable individual, required to purchase health insurance under the Act.  That payment is calculated as a percentage of household income, subject to a floor based on a specified dollar amount and a ceiling based on the average annual premium the individual would have to pay for qualifying private health insurance. 26 U.S.C. § 5000A(c).  In 2016, for example, the payment will be 2.5% of an individual's household income, but no less than $695 and no more than the average yearly premium for insurance that covers 60% of the cost of 10 specified services (*e.g.*, prescription drugs and hospitalization).

## DECLARATORY RELIEF ALLEGATIONS

17.     Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

18.     An actual controversy exists between Plaintiff and Defendants as to their respective legal rights and duties.  Plaintiff contends that both on its face and as applied to him, the purchase requirement and the "shared responsibility payment" violate the Commerce Clause and the Origination Clause, respectively.  Plaintiff is informed and believes, and on that basis alleges, that Defendants contend otherwise.

19.     There is a present justiciable controversy between the parties regarding the Act. Plaintiff has a vital interest in knowing now whether the purchase requirement obligates him to buy federally prescribed health insurance, such that failure to comply with such requirement would render him a violator of federal law.  Plaintiff also has a vital interest in knowing now whether he must make a payment into the United States Treasury if he refuses to buy a federally prescribed health-insurance plan.

20.     Accordingly, declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 is appropriate. Plaintiff specifically seeks a declaration that the Act's requirement to buy health insurance is unconstitutional under the Commerce Clause, and invalid both on its face and as applied to him.   Plaintiff also seeks a declaration that the Act's "shared responsibility payment" is unconstitutional under the Origination Clause, and invalid both on its face and as applied to him.

21.     Additionally, Plaintiff seeks a declaration that the entire Act, as amended, should be invalidated in toto because the purchase requirement and "shared responsibility payment" constitute an essential component of the Act and is non-severable.  The Act states that the purchase requirement and payment provision helps ensure "near-universal" health insurance coverage.  *See*

26 U.S.C. § 5000A (2010).  Moreover, the Act states that the purchase requirement and payment provision discourages individuals from waiting until they became ill to seek health insurance, a concern that arose by virtue of the fact that other provisions of the Act prohibit insurance companies from discriminating against individuals on the basis of pre-existing conditions.  *Id.*  Defendants in this case have conceded that the purchase requirement and payment provision is an integral component of the Act, and that its enforcement is essential to the vindication of the Act's larger regulatory scheme.  Def. Mot. to Dismiss at 22 (filed on Nov. 15, 2010) ("The minimum coverage provision [*i.e.*, the purchase requirement and payment provision] is an 'essential' part of the Act's larger regulatory scheme for the interstate health care market.").  For these reasons, invalidation of those provisions should render the entire Act invalid.

## INJUNCTIVE RELIEF ALLEGATIONS

22.    Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

23.    As of 2014, any "applicable individual" who has not obtained health insurance as required by the Act will incur financial liability.  Plaintiff is currently injured by the purchase requirement and payment provision, because he must act now to make financial plans to either buy insurance or make the payment.  There is no uncertainty that the purchase requirement and associated payment will be enforced and specifically applied to the Plaintiff beginning in January, 2014.

24.    Plaintiff is self-insured, paying out-of-pocket any medical expenses that might arise.  Although he is able to purchase health insurance, Plaintiff does not want to do so, and intends to continue to self-insure because he believes the cost of health insurance premiums are excessive.  Plaintiff is current on all health-related expenses.

25.     The requirement to obtain health insurance or make the "shared responsibility payment" is adversely affecting Plaintiff.  He has chosen to remain uninsured because he saves money by not paying costly health insurance premiums; however, the Act's requirement forces him to buy health insurance and to pay such premiums, or make a payment into the Treasury.  Therefore, his costs will rise.

26.     Plaintiff is personally injured by being compelled to purchase health insurance at the government's command, or being forced to make a payment to the treasury, and as a consequence of that compulsion, he suffers harms to his personal beliefs and dignity.  Plaintiff wishes to remain uninsured and does not want to be coerced into obtaining health insurance.  Under the Act, Plaintiff will be subject to hundreds or thousands of dollars in payments to the Federal Government if he fails to obtain health insurance.  *See* 26 U.S.C. § 5000A(b)-(c) (as added by the Act § 1501(b), and amended by the Act § 10106(b) and Reconciliation Act § 1002(a)).  If not enjoined by this Court, Defendants and their agents, representatives, and employees will administer, implement, and enforce the Act, which subjects Plaintiff to the unconstitutional purchase requirement or associated payment. This course of conduct will cause Plaintiff to suffer irreparable injury, depriving him of personal property (*i.e.*, personal funds) and of the liberty to remain a nonparticipant in the health insurance market in violation of the Constitution.  Lastly, Plaintiff also fears that failure to comply with a federal law requiring him to buy insurance will subject him to a variety of sanctions, including loss of employment opportunities and social stigma.

27.     Plaintiff has no plain, speedy, and adequate remedy at law for such an injury. Accordingly, injunctive relief is appropriate.

## FIRST CLAIM FOR RELIEF FOR
## VIOLATION OF THE COMMERCE CLAUSE

### (U.S. Const. art. I, § 8, cl. 3)

28.      Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

29.      The Act compels applicable individuals, including Plaintiff, to obtain federally approved health insurance coverage, or make a "shared responsibility payment."  Congress lacks authority to impose such an obligation.

30.      The Act purports to be exclusively an exercise of Congress's Commerce Clause authority.  *See* Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010).  The Commerce Clause gives Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian tribes."  U.S. Const. art. I, § 8, cl. 3.

31.      With respect to the health insurance market, Plaintiff is not engaged in commerce, does not plan to, or wish to, engage in commerce, and is not engaged in any activity that has a substantial effect on interstate commerce, but on the contrary wishes only to avoid engaging in interstate commerce.  The Act's purchase requirement is not a regulation of commerce, but purports to compel affected Americans, like Plaintiff, to engage in commerce.  The United States Supreme Court held that the Act's purchase requirement is unconstitutional under the Commerce Clause, because it commands individuals to enter into commerce and purchase a good or service.  *Nat'l Fed'n of Indep. Bus. v. Sebelius ("NFIB")*, 132 S. Ct. 2566, 2600 (2012) (Roberts, C.J.) ("[T]he Commerce Clause does not authorize such a command . . . ."); *id.* at 2643 (joint dissent) ("The Act before us here exceeds federal power . . . in mandating the purchase of health insurance."); *see also id.* at 2599 (Roberts, C.J.) (asserting, in Part III-C of his opinion, that "[t]he Court today holds that

- 9 -

our Constitution protects us from federal regulation under the Commerce Clause so long as we abstain from the regulated activity."); *id*. at 2609 (Ginsburg, J., concurring) (joining unqualifiedly, along with Justices Breyer, Sotomayor, and Kagan, Part III-C of Chief Justice Roberts' opinion).

## SECOND CLAIM FOR RELIEF FOR
## VIOLATION OF THE ORIGINATION CLAUSE

### (U.S. Const. art. I, § 7, cl. 1)

32.　　Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

33.　　The Act requires nonexempt individuals who do not buy a federally prescribed health-insurance plan to make a "shared responsibility payment" along with their tax filings.

34.　　The Supreme Court held that the "shared responsibility payment" is a tax on nonexempt individuals who do not purchase health insurance, and is constitutional under Congress's power to "lay and collect Taxes" under Article I, section 8, clause 1, of the Constitution. *NFIB*, 132 S. Ct. at 2600.　The Court reasoned that the payment "looks like a tax in many respects"—for example, it is assessed and collected by the IRS, it is paid into the Treasury, and it raises revenue for the Government.　*Id*. at 2594.　The Court had no occasion to consider the constitutionality of the tax under other provisions of the Constitution, including the Origination Clause.

35.　　The Origination Clause of the Constitution provides that "[a]ll Bills for raising Revenue shall originate in the House of Representatives." U.S. Const. art. I, § 7, cl. 1.　Bills that are subject to the Origination Clause "rais[e] revenue to support Government generally." *United States v. Munoz-Flores*, 495 U.S. 385, 398 (1990).

36.　　The "shared responsibility payment" is a tax that raises revenue to support Government generally.　The tax is paid into the Treasury when individuals file their tax returns, and

the amount is based on "such familiar factors as taxable income, number of dependents, and joint filing status." *NFIB*, 132 S. Ct. at 2594. The requirement to pay is in the Internal Revenue Code and is enforced by the IRS, which "must assess and collect it 'in the same manner as taxes.'" *Id.* (quoting Act). Most importantly, the tax produces "considerable revenue" for the Government, *id.* at 2596—"about $4 billion per year by 2017," *id.* at 2594. The purpose of the tax is not to finance or defray the cost of any particular government program. And, while "[e]very tax is in some measure regulatory," this tax raises substantial revenue to support the Government generally. *Id.* at 2596 (internal citation and quotation marks omitted).

37.     Despite the fact that the Act raises considerable revenues, it originated in the Senate, not the House. In September, 2009, the House passed H.R. 3590, entitled the "Service Members Home Ownership Tax Act of 2009." H.R. 3590, 111th Cong. (2009) (attached hereto as Exhibit 1). The bill would have "amend[ed] the Internal Revenue Code of 1986 to modify first-time homebuyers' credit in the case of members of the Armed Forces and certain other Federal employees"; it had nothing to do with health insurance reform. *Id.* In November of that year, the Senate purported to "amend" the House bill by gutting its contents, replacing them with health-insurance reforms (including the purchase requirement and associated payment), and renaming the bill the "Patient Protection and Affordable Care Act." Senate Amendment No. 2786, 111th Cong. (2009) (purporting to "amend" H.R. 3590) (attached hereto as Exhibit 2). The Senate's substitute legislation—a revenue-raising tax bill—became the Affordable Care Act. *See* attached Exhibit 3 (official history of H.R. 3590 from the original bill concerning the first-time homebuyer credit through to passage of Act).

38.     Because the tax originated in the Senate, and not in the House, it violates the Origination Clause.

## PRAYER

WHEREFORE, Plaintiff respectfully requests relief as follows:

1.      To enter declaratory judgment that the Act's requirement that all nonexempt applicable individuals maintain "minimum essential" health insurance coverage facially exceeds Congress's authority under the Commerce Clause (Art. I, § 8, cl. 3 of the Constitution);

2.      To enter declaratory judgment that the requirement that  all nonexempt applicable individuals maintain "minimum essential" health insurance coverage, as applied to Plaintiff, exceeds Congress's authority under the Commerce Clause (Art. I, § 8, cl. 3 of the Constitution);

3.      To enter declaratory judgment that the "shared responsibility payment" is a tax that facially violates the Origination Clause (Art. I, § 7, cl. 1 of the Constitution);

4.      To enter declaratory judgment that the "shared responsibility payment" is a tax that, as applied to Plaintiff, violates the Origination Clause (Art. I, § 7, cl. 1 of the Constitution);

5.      To enter declaratory judgment that the Act, as amended, 26 U.S.C. § 5000A (2010); Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010); Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1032 (2010) (Reconciliation Act); TRICARE Affirmation Act, Pub. L. No. 111-159, 124 Stat. 1123 (2010); Pub. L. No. 111-173, 124 Stat. 1215 (2010), is invalid in toto because the purchase requirement and associated "shared responsibility payment" are an integral component of the Act and their enforcement is essential to the vindication of the Act's larger regulatory scheme;

6.      To issue a permanent and prohibitory injunction enjoining Defendants, their agents, representatives, and employees from enforcing, threatening to enforce, or otherwise giving effect to the Patient Protection and Affordable Care Act, as amended, or any similar law or policy, as well as any and all implementing rules, regulations, guidance, and policies and practices by which

Defendants enforce these provisions, including, but not limited to:  the requirement that individuals

maintain "minimum essential" health insurance coverage, or pay a "shared responsibility payment"

for failure to do so;

7.      for costs of suit;

8.      for reasonable attorneys fees; and

9.      any such further legal and other relief as the Court may deem just and proper.

DATED:  April 30, 2015.

Respectfully submitted,


_____
            /s/ Joshua P. Thompson
TIMOTHY SANDEFUR, Cal. Bar No. 224436*
JOSHUA P. THOMPSON, D.C. Bar No. TX0084
ANASTASIA P. BODEN, Cal. Bar No. 281911*
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747
*Pro Hac Vice

Attorneys for Plaintiff Michael Wille